UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| IAN C.; and A.C., <br> Plaintiffs, <br> v. <br> UNITED HEALTHCARE INSURANCE, <br> Defendant. | MEMORANDUM DECISION <br> AND ORDER <br> REMANDING PLAINTIFFS' CLAIM <br> FOR BENEFITS <br><br> Case No. 2:19-cv-474-HCN <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

Plaintiffs Ian C. and A.C. sued United Healthcare, asserting a claim under the Employee Retirement Income Security Act for payment of improperly denied benefits. The Tenth Circuit held that United arbitrarily and capriciously denied Ian C.'s request for benefits because it did not explicitly address A.C.'s substance abuse as a potential independent ground for coverage in its denial letters. *See Ian C. v. UnitedHealthcare Ins. Co.*, 87 F.4th 1207, 1221–22 (10th Cir. 2023). The Tenth Circuit then remanded the action to this court for further proceedings. *Id.* at 1226. Because the record does not clearly show that Ian C. is entitled to benefits, the court remands this matter to United for further consideration.

In initially denying Ian C.'s claim, United relied on the "Optum Level of Care Guideline for Mental Health Residential Treatment Center Level of Care." AR 21.[1] United did not, however, explicitly address the Optum Level of Care Guideline for Substance-Related Disorders. *See* AR 21–22. While the admission criteria set forth in the Mental Health Guidelines differ somewhat from those contained in the Substance-Related Guidelines, the continued service criteria and the discharge criteria are identical in both guidelines. *Compare* AR 27–28 (Mental

---

[1] Citations to the administrative record are noted "AR XX." The administrative record can be found at Docket Number 42.

Health Guidelines) *with* AR 31–32 (Substance-Related Guidelines). The discharge criteria direct the claimant to the Common Criteria for All Levels of Care discharge criteria. AR 28 & 32. The common discharge criteria are met in circumstances such as when the "'why now' factors which led to admission have been addressed to the extent that the member can be safely transitioned to a less intensive level of care." AR 1803. The "why now" factors leading to admission are defined as "acute changes in the member's signs and symptoms and/or psychosocial and environmental factors." AR 1801. In the initial denial letter to Ian C., United stated that A.C. was "admitted for treatment of mood and behavioral problems and for treatment of substance use." AR 21. The denial letter also stated that AC did not "have serious withdrawal or post-acute withdrawal symptoms" and that he did not "seem to have any symptoms that would require 24-hour monitoring." AR 21–22. It thus appears that United effectively determined that the "why now" factors leading to A.C.'s admission had sufficiently improved that he could be safely transitioned to a less intensive level of care. *See id.*

  The record contains evidence that both supports and undermines the conclusion that A.C. no longer qualified for benefits under the Substance-Related Guidelines. On one hand, the record indicates that A.C. had been substance-free for over three months at the time of the initial denial letter given his stay at a wilderness treatment program directly before his admission to Catalyst. *See* AR 1022. Further, when United was determining whether A.C. continued to qualify for coverage, its evaluator spoke with a representative from Catalyst. *See* AR 1413–15. The representative told United's evaluator that A.C.'s risk of relapse was moderate and that A.C. was not having serious withdrawals or post-acute withdrawal symptoms. AR 1415. The Catalyst representative also stated that A.C. was medically stable. *Id.* On the other hand, the Catalyst

2

representative told United's evaluator that A.C. reported drinking flashbacks three days earlier. *Id.*

After concluding that a denial of benefits was arbitrary and capricious, a court may either "remand the case to the plan administrator for a renewed evaluation of the claimant's case or [] order an award of benefits." *David P. v. United Healthcare Ins. Co.*, 77 F.4th 1293, 1315 (10th Cir. 2023) (quoting *Weber v. GE Grp. Life Assurance Co.*, 541 F.3d 1002, 1015 (10th Cir. 2008)). The appropriate remedy in a particular case depends on the "specific flaws in the plan administrator's decisions." *Id.* (quoting *Flinders v. Workforce Stabilization Plan of Phillips Petroleum Co.*, 491 F.3d 1180, 1194 (10th Cir. 2007)). Remanding the case to the plan administrator is appropriate when the plan "administrator failed to make adequate factual findings or failed to adequately explain the grounds for the decision." *Id.* (quoting *Carlile v. Reliance Standard Life Ins. Co.*, 988 F.3d 1217, 1229 (10th Cir. 2021)).

Conversely, awarding benefits is appropriate when "the record clearly shows the claimant is entitled to benefits." *Id.* at 1316 n.17 (quoting *Carlile*, 988 F.3d at 1229). For a claimant to be awarded benefits outright, there must be "no evidence in the record to support the administrator's decision" to deny benefits or the evidence must so clearly point in the claimant's favor "as to make a remand unnecessary." *Id.* (cleaned up). Additionally, in very limited circumstances, a court can award benefits if a plan administrator engaged in "clear and repeated procedural errors" when denying a claim. *D.K. v. United Behav. Health*, 67 F.4th 1224, 1244 (10th Cir. 2023).

Based on the administrative record here, the court cannot say that Ian C. is clearly entitled to benefits. As explained, the record contains evidence supporting Ian C.'s claim for benefits, but the record also contains evidence supporting United's denial of benefits. Further, the

record here does not reflect anything like the repeated, clear, and egregious procedural errors that justified the award of benefits in *D.K*

For the foregoing reasons, Ian C.'s claim for benefits is **REMANDED** to United for further consideration.[2]

**IT IS SO ORDERED**.

Dated this 15th day of July, 2024.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

[2] The scope of the remand will, of course, be subject to the limits imposed by Tenth Circuit precedent. *See, e.g.*, *David P.*, 77 F.4th at 1315–16.