IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IAN C. and A.C.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE,<br><br>Defendant. | **MESMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-474-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

The Plaintiffs, Ian C. and A.C, sued Defendant, United Healthcare Insurance, asserting two claims under ERISA (the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*.): (1) a claim for payment of improperly denied benefits, and (2) a claim for violations of the Mental Health Parity and Addiction Equity Act. The Plaintiffs' agreed to the dismissal of their Parity Act claim, and the court granted the Defendants' motion for summary judgment on the claim for payment of improperly denied benefits. The Plaintiffs appealed the court's decision and the Tenth Circuit reversed. The court then remanded the Plaintiffs' claim for payment of improperly denied benefits for reconsideration. The Plaintiffs now move for attorneys' fees. The court denies the motion without prejudice as untimely.

**I.**

The court granted the parties' stipulated motion to dismiss Plaintiffs' Parity Act claim, see Dkt. No. 41, and the parties filed cross-motions for summary judgment on the Plaintiffs' claim for payment of improperly denied benefits. The Plaintiffs argued, among other things, that the Plan administrator improperly failed to consider A.C.'s substance abuse as an independent basis for coverage in its denial letters. *See* Dkt. No. 39. Attempting to apply Tenth Circuit law as

the court then understood it, the court granted summary judgment to the Defendants on this claim. *See* Dkt. No. 64.

The Plaintiffs appealed, and the Tenth Circuit reversed on the ground that ERISA's "full and fair review" provision required that the rationale for the denial be contained within the denial letter. *See* Dkt. No. 74. The court then solicited briefing on the proper disposition of the case in light of the Tenth Circuit's mandate. *See* Dkt. Nos. 75–77, 80. Because the Plaintiffs had failed to show that they were clearly entitled to benefits under the Plan, the court did not order the payment of benefits but instead remanded the matter for reconsideration. *See* Dkt. No. 81. The Plaintiffs then moved for attorney's fees. *See* Dkt. No. 85.

## II.

In an action of this type, ERISA authorizes a court, "in its discretion," to award "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). The Supreme Court has held that such fees are available to any party that has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–56 (2010). Although a litigant need not qualify as the "prevailing party" to receive attorneys' fees and costs under this statute, it must achieve more than a "trivial success on the merits" or a "purely procedural victory." *Id.* at 254–55.[1] When awarding fees, a court should calculate the amount of the award using a "hybrid lodestar" method: the number of hours reasonably expended at a

---

[1] The district court in *Hardt* and lower courts since have utilized a five-factor test to decide whether to award fees, *see id.* at 249 n.1; *Manna v. Phillips 66 Co.*, 820 Fed. App'x 695, 702 (10th Cir. 2020), although the Supreme Court emphasized in *Hardt* that these factors "bear no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence." 560 U.S. at 255. At bottom, the Court explained, the decision to award fees must be grounded in the Court's "historic fee-shifting principles and intuitive notions of fairness." *Id.*

reasonable hourly rate, with the total award subject to adjustment up or down based on various equitable considerations. *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983).

The Tenth Circuit has long held that motions for attorney's fees in ERISA cases are not ripe when "it remains to be seen whether [the plaintiff] is entitled to benefits under the plan." *Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153, 1162 (10th Cir. 2007). Indeed in its recent decision in *David P. v. United Healthcare Insurance Co.*, the Tenth Circuit instructed the district court to reconsider whether attorneys' fees should be awarded "after [the Plan administrator] reconsiders Plaintiffs' benefits claims" and suggested that the district court "retain jurisdiction over the case even as it remands" to "effectuate its reconsideration of the attorney's fees issue." 77 F.4th 1293, 1316 (10th Cir. 2023).

The Tenth Circuit has emphasized, however, that it "d[id] not intend to create a per se rule that attorney's fees are inappropriate whenever a district court decides to remand a claim to the plan administrator rather than ordering benefits directly." *Graham*, 501 F.3d at 1163; *cf. Hardt*, 560 U.S. at 256 (declining to decide "whether a remand order, without more, constitutes 'some success on the merits' sufficient to make a party eligible for attorney's fees"). According to the Tenth Circuit, it remains "theoretically possible," in "the right case, to reward plaintiffs for holding plans accountable under ERISA" if, say, a plaintiff sued for "egregious violations of ERISA's procedural protections" but received a remand rather than a benefits award from the court. *Graham*, 501 F.3d at 1163.

At least at this point in the proceedings, the court cannot say that the Plaintiffs have shown egregious procedural violations. The Tenth Circuit reversed on the ground that United failed expressly to address A.C.'s substance abuse as an independent ground for coverage in its denial letters. *See* Dkt. No. 74 at 20–26. But that holding, as well as other similar guidance from

3

the Tenth Circuit after the United denied benefits, clarified what many thought previously uncertain in the Tenth Circuit: whether the rule that a reviewing court may "consider only the rationale asserted by the plan administrator *in the administrative record*," *e.g.*, *Peterson v. Sun Life Assur. Co. of Canada*, 474 F. App'x 725, 728 n.1 (10th Cir. 2012) (emphasis added); *accord Kellogg v. Metropolitan Life Ins. Co.*, 549 F.3d 818, 828 (10th Cir. 2008), limited the court to what is stated in the *denial letters*, or whether the court could look to other portions of the administrative record as well. Further, these decisions required that the rationale for denying benefits be communicated in considerably more detail than some had thought required under the Tenth Circuit's previous guidance that "the reasoning behind the reasons" for a denial need not be provided. *Flinders v. Workforce Stabilization Plan of Phillips Petroleum Co.*, 491 F.3d 1180, 1190–92 (10th Cir. 2007) (cleaned up), *overruled in part on other grounds by, Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 116–17 (2008). Further, this court upheld United's denial of benefits in the first instance, based on its good-faith but apparently mistaken reading of Tenth Circuit precedent as it existed at that time. Given all of this, the court concludes that United did not commit egregious procedural violations in acting as it did. Indeed, the court has already decided that "the record here does not reflect anything like the repeated, clear, and egregious procedural errors that justified the award of benefits in *D.K.*" Dkt. No. 81 at 3–4 (discussing *D.K. v. United Behav. Health*, 67 F.4th 1224, 1244 (10th Cir. 2023)). Nor have the Plaintiffs persuaded this court that this is otherwise "the right case" in which to award benefits at this stage of the proceedings.

       To be sure, some past cases from this district could be read to suggest that "the right case" is any case in which a district court has sufficient information to apply the *Hardt* factors. *See, e.g.*, *Theo M. v. Beacon Health Options, Inc.*, 2023 WL 4826771, at \*\*3–4 (D. Utah July 27,

4

2023); *supra* note 1. In this case, however, the court concludes that it lacks the requisite information to apply those factors. After all, the court remanded this case because it could not "say that Ian C. [was] clearly entitled to benefits." Dkt. No. 81 at 3. And in *Graham*, the Tenth Circuit held that a district court cannot evaluate "the merits of the parties' positions and the impact of the litigation on other beneficiaries"—factors that are critical to the *Hardt* analysis—"when it remains to be seen whether [a plaintiff] is entitled to benefits." *Graham*, 501 F.3d at 1162

*   *   *

For all these reasons, the court concludes that the Plaintiffs' motion is unripe. Docket Number 85, the Plaintiffs' Motion for Attorney Fees is **DENIED WITHOUT PREJUDICE**. The Plaintiffs may renew the motion if they receive an award of benefits or if United fails to substantiate its denial of benefits on remand.

**IT IS SO ORDERED.**

Dated this 1st day of August, 2025.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge